UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | |
| | : | |
| **CHRISTINA CHAPMAN,** | : | |
| | : | |
| **JOHN DOE 1, alias JIHO HAN,** | : | |
| | : | |
| **JOHN DOE 2, alias HAORAN XU,** | : | |
| | : | |
| **JOHN DOE 3, alias CHUNJI JIN,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

**MOTION TO SEAL CRIMINAL INDICTMENT AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATERIALS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court for an Order sealing the accompanying criminal indictment and arrest warrant (collectively herein the "Indictment Materials") as well as all other pleadings, proceedings, records and files in this case, including the instant Motion to Seal, and proposed order and Order, and delaying entry on the public docket of this motion to seal and all related matters.

**LEGAL BACKGROUND**

1. The Court has the inherent power to seal court filings when appropriate, including the Indictment Materials. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court

may seal to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Indictment Materials. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

### **FACTS SUPPORTING SEALING & REQUEST FOR SEALING**

2. The defendants in this case are under investigation for violation of 18 U.S.C. § 371 (Conspiracy to Defraud the United States), 18 U.S.C. §§ 1343, 1349 (Conspiracy to Commit Wire Fraud), 18 U.S.C. §§ 1344, 1349 (Conspiracy to Commit Bank Fraud), 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft), 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), (c)(3)(A) & (f) (Conspiracy to Commit Identity Theft), 18 U.S.C. §§ 1956(a)(1)(B)(i) & (h) (Conspiracy to Launder Monetary Instruments), 18 U.S.C. § 1960 (Prohibition of Unlicensed Money Transmitting Business), 8 U.S.C. § 1324a (Unlawful Employment of Aliens), and 18 U.S.C. § 2 (Aiding and Abetting).

3. The conduct under investigation involves the defendants' scheme to generate revenue for themselves and the Democratic People's Republic of Korea (North Korea or DPRK) through unlawful remote employment with companies based in the United States.

4. Law enforcement plans to execute an arrest warrant for defendant Chapman in the coming days. The government is therefore seeking to seal the Indictment Materials because public disclosure could alert the defendants of the charges pending against them, therefore causing them to flee or destroy evidence of their wrongdoing, or to warn unindicted co-conspirators.

5. In this matter, the government requests that the Indictment Materials be sealed until further order of the Court, and that the Indictment Materials may be unsealed upon notification from the undersigned Assistant U.S. Attorney that defendant Chapman has been arrested and the case may be unsealed. Such an order is appropriate because the Indictment Materials relates to an

ongoing criminal investigation that is not public and the timing of the Indictment Materials is unknown to the targets of the investigation. Public notice of the filing of the sealed pleadings or proceedings is likely to compromise apprehension efforts that may stem from this case.

6. Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the Indictment Materials but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until: (1) the substantial risk to the destruction of evidence is eliminated; (2) the risk of flight is eliminated; and (3) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991).

WHEREFORE, it is respectfully requested that this Government's Motion to Seal be granted. In addition, the government respectfully moves for the Indictment Materials to remain sealed -- with the exception that the Government be permitted to disclose the Indictment Materials to (1) appropriate U.S. and foreign law enforcement officials and other officials and personnel to the extent that such disclosure is in furtherance of national security or efforts to locate, arrest, detain, transfer, extradite, or expel a defendant, and (2) the court, court officials, and defense counsel in this district or any other appropriate district as necessary to conduct any court proceedings in that district.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By   /s/ Karen Seifert
     Karen P. W. Seifert
     Assistant United States Attorney
     N.Y. Bar Number 4742342
     United States Attorney's Office
     601 D Street, N.W.
     Washington, D.C. 20530
     Telephone: 202-252-7527
     Email: karen.seifert@usdoj.gov